**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
<u>EASTERN DIVISION</u>**

| | | |
|---|---|---|
| SIMPSON VENTURES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:07-cv-00048 WHA-CSC |
| v. | ) | |
| | ) | **Demand for Jury Trial** |
| MID-WEST METAL PRODUCTS COMPANY, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MID-WEST METAL PRODUCTS COMPANY, INC., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SIMPSON VENTURES, INC., | ) | |
| | ) | |
| Counterdefendant. | ) | |

**MID-WEST METAL'S ANSWER,
<u>AFFIRMATIVE DEFENSES, AND COUNTERCLAIM</u>**

**I.    <u>MID-WEST METAL'S ANSWER</u>**

Defendant Mid-West Metal Products Company, Inc. ("Mid-West Metal"), by counsel, for its Answer to Plaintiffs' Complaint answers the allegations as follows:

<u>NATURE OF THE CASE</u>

1.    With respect to Paragraph 1 of Plaintiff's Complaint, the Complaint speaks for itself.  No response is required.  Mid-West Metal denies all other allegations set forth herein.

2.      With respect to Paragraph 2 of Plaintiff's Complaint, Mid-West Metal admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1338, but denies all other allegations in Paragraph 2.

3.      With respect to Paragraph 3 of Plaintiff's Complaint, Mid-West Metal admits that this district is the proper venue for this action pursuant to 28 U.S.C. §1391 and §1400.

## PARTIES

4.      Mid-West Metal is presently without knowledge or information sufficient to form a belief as to the truth of Paragraph 4 of Plaintiff's Complaint.

5.      With respect to Paragraph 5 of Plaintiff's Complaint, Mid-West Metal admits that it is an Indiana corporation, with offices at 4211 E. Jackson St., Muncie, IN 47303.  Mid-West Metal admits that it has been in business as Mid-West Homes For Pets.

## FACTS

6.      Mid-West Metal admits Paragraph 6 of Plaintiff's Complaint.

7.      Mid-West Metal admits Paragraph 7 of Plaintiff's Complaint.

8.      Mid-West Metal is presently without knowledge or information sufficient to form a belief as to the truth of Paragraph 8 of Plaintiff's Complaint.

9.      Mid-West Metal is presently without knowledge or information sufficient to form a belief as to the truth of Paragraph 9 of Plaintiff's Complaint.

10.     Mid-West Metal denies Paragraph 10 of Plaintiff's Complaint.

11.     With respect to Paragraph 11 of Plaintiff's Complaint, Mid-West Metal admits that it currently sells the "Bay Isle" Model 1805 pet litter pan housing.  Mid-West Metal states

that Exhibits B and C of Plaintiff's Complaint are documents which speak for themselves. Mid-West Metal denies all other aspects of Paragraph 11 of Plaintiff's Complaint.

12.     With respect to Paragraph 12 of Plaintiff's Complaint, Mid-West Metal admits that it currently sells pet litter pan housings under the "Bay Isle" name. Mid-West Metal denies all other aspects of Paragraph 12 of Plaintiff's Complaint.

13.     Mid-West Metal admits Paragraph 13 of the Plaintiff's Complaint.

14.     With respect to Paragraph 14 of Plaintiff's Complaint, Mid-West Metal admits that it has no license agreement with Plaintiff, but denies all allegations that state, suggest, or infer that any such license is necessary or that the absence of such renders any act by Midwest Metal inappropriate or unlawful.

15.     Mid-West Metal denies Paragraph 15 of Plaintiff's Complaint.

16.     Mid-West Metal denies Paragraph 16 of Plaintiff's Complaint.

17.     Mid-West Metal denies Paragraph 17 of Plaintiff's Complaint.

## II.     MID-WEST METAL'S AFFIRMATIVE DEFENSES

For its Affirmative Defenses to Plaintiff's Complaint, Mid-West Metal pleads the following:

1.     Plaintiff's claims are barred by laches.

2.     Plaintiff's claims are barred by estoppel.

3.     The '321 Patent is rendered invalid and/or unenforceable pursuant to the public use doctrine.

4.     The '321 Patent is rendered invalid and/or unenforceable pursuant to the on sale bar doctrine.

5.      The '321 Patent is rendered invalid and/or unenforceable because prior art made the alleged invention obvious and/or anticipated.

6.      The '321 Patent claims are invalid for failure to comply with one or more of the following statutory provisions:  35 U.S.C. §§ 101, 102, 103 and 112.

7.      Any products sold by Mid-West Metal do not infringe on the asserted claims of the `321 Patent, either literally or under the doctrine of equivalents.

8.      The '321 Patent may be unenforceable due to Plaintiff's inequitable conduct before the United States Patent and Trademark Office.

9.      Plaintiff is not the owner of the `321 Patent, and may not be the real party in interest or otherwise have standing to prosecute this lawsuit.

WHEREFORE, Defendant Mid-West Metal Products Company, Inc., prays that Plaintiff take nothing by way of its Complaint, for costs of this action, and for all other appropriate relief.

## III.    MID-WEST METAL'S COUNTERCLAIM

For its Counterclaim against Simpson Ventures, Mid-West Metals, by counsel, does hereby incorporate by reference its Responses and Affirmative Defenses to the Complaint, and further alleges the following:

1.      Mid-West Metals is an Indiana corporation, with its principal place of business located in Muncie, Indiana.

2.      Simpson Ventures is, upon information and belief, an Alabama corporation, with its principal place of business in Auburn, Alabama.

3.      Jeffrey Simpson is, upon information and belief, a resident of Auburn, Alabama.

4.      Jeffrey Simpson is the purported inventor of the design depicted in United States Patent No. Des. 534,321 (the "'321 Patent"). Upon information and belief, Jeffrey Simpson licensed certain rights relating to the `321 Patent to Simpson Ventures.

5.      Venue is proper in this Judicial District, pursuant to 28 USC §§1391(b), 1331, and 1400, upon information and belief.

6.      This Court has subject matter jurisdiction here pursuant to 28 USC §§ 1331, 1338(a), 2201, and 2202.

7.      A real, immediate, and justiciable controversy exists between Mid-West Metals and Simpson Ventures with respect to these claims of infringement.

8.      Mid-West Metal makes and sells certain pet homes, cages, and pet litter box covers. These products include a line of products marketed under the Bay Isle brand, and include model number 1805 (the "Accused Product").

9.      Simpson Ventures has previously claimed that the Accused Product infringes the `321 Patent. Simpson has now filed a lawsuit with this Court alleging the same.

10.     The Accused Product has not infringed and is not infringing the `321 Patent.

WHEREFORE, Mid-West Metal seeks a judicial determination of the respective rights and duties of the parties based on Mid-West Metal's contentions of non-infringement. Specifically, Mid-West Metals seeks a declaration from this Court that the Accused Product has not infringed and is not infringing the `321 Patent. Such a determination and declaration is necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the non-infringement of the `321 Patent.

## IV. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mid-West Metal hereby

demands a trial by jury on all issues so triable.

Respectfully submitted,

s/ *Brett A. Ross*
Brett A. Ross
Gregory A. Brockwell
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama  35216
(205) 822-2006

*Pro Hac Vice (pending):*
James M. Hinshaw
BINGHAM MCHALE LLP
2700 Market Tower
10 W. Market Street
Indianapolis, IN  46204-4900
(317) 635-8900

*Attorneys for Defendant/Counterclaimant, Mid-West Metal Products Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2007, a copy of the foregoing "Mid-West Metal's
Answer, Affirmative Defenses, and Counterclaim" was filed electronically.  Notice of this filing
will be sent to the following parties by operation of the Court's electronic filing system.  Parties
may access this filing through the Court's system.

Robert T. Meadows
CAPELL & HOWARD, P.C.
3120 B. Frederick Road (36801)
P.O. Drawer 2268
Opelika, Alabama 36803
rtm@chlaw.com

Arthur A. Gardner
Gardner Groff Santos & Greenwald, PC
2018 Powers Ferry Road, Suite 800
Atlanta, Georgia 30339
agardner@gardergroff.com


                                        s/ *Brett A. Ross*
                            _____

Brett A. Ross
Gregory A. Brockwell
Carr Allison
100 Vestavia Parkway
Birmingham, Alabama  35216


1156850