IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SIMPSON VENTURES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07cv48-WHA |
| | ) | |
| MID-WEST METAL PRODUCTS COMPANY, INC. | ) ) ) | |
| Defendant. | ) | |
| _____ | | |
| MID-WEST METAL PRODUCTS COMPANY, INC., | ) ) ) | |
| Counter-plaintiff, | ) ) | |
| v. | ) ) | |
| SIMPSON VENTURES, INC., | ) ) | |
| Counter-defendant. | ) | |
| _____ | | |

**ORDER**

Now pending before the court is the parties' joint motion for a protective order (doc. # 22-23). Upon consideration of the motion and for good cause, it is

ORDERED that the motion for a protective order (doc. # 22-23) be and is hereby GRANTED.

It is FURTHER ORDERED:

1.  The parties have agreed that certain categories of documents and information which may be produced or disclosed during this litigation shall be used only for purposes of

this lawsuit and will be treated at all times as confidential. The parties have further agreed that this includes, but is not limited to, information relating to the confidential, commercial and proprietary information of the Plaintiff and/or Defendant including financial information, business plans, and personnel and/or human resource information or files concerning current or former employees. Such documents produced pursuant to requests for production and interrogatories or otherwise and bearing the stamped designation "Confidential" shall be treated as confidential unless the Court shall, on motion and for good cause shown, decide otherwise or except as otherwise provided herein. Said designation shall be made in good faith and related solely to the subjects mentioned above.

2. Access to documents designated confidential and copies thereof or the information contained therein shall be limited to the parties in this litigation, counsel of record, and their secretarial and paralegal assistants actively engaged in this proceeding. The documents and copies of the information contained therein shall be used solely in connection with this proceeding and for no other purpose. In addition, the documents designated "Confidential" shall be subject to the provisions of paragraph 3 hereof.

3. Solely for the purpose of this action, counsel may disclose said confidential documents and copies or the information contained therein to persons who are independent expert witnesses or prospective independent expert witnesses in this action, and to independently retained persons acquired by counsel to furnish technical or expert services or to give expert opinion testimony with respect to the subject matter thereof for the trial of this action. Counsel shall provide to each independently retained expert to whom disclosure

is being made a copy of this Protective Order and each such person agrees to comply with and be bound by its terms unless and until modified by further order of the Court.

4.  Nothing contained herein shall prevent counsel from presenting to this Court in written briefs or oral testimony any of the documents covered by this Order or excerpts thereof or information contained therein to the extent use in this matter is necessary; provided, however, that, unless or until counsel agrees otherwise or until an Order from the Court directs otherwise, all confidential documents and all portions or pleadings, motions, papers, memoranda, briefs, affidavits, transcripts, exhibits or other papers that summarize or otherwise disclose the confidential information contained therein, which are presented to the Court or filed with clerk of Court, shall be enclosed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action and a statement substantially in the following form:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**
**This envelope (or other container) contains information that has been designated as confidential and is not to be opened or its contents disclosed to any person other than the Court or its clerks under any circumstances except by order of the Court or upon written stipulation by all parties.**

To the extent feasible, papers shall be prepared in such a manner that confidential information is bound separately from documents or information not subject to this agreed Protective Order.

5.  No person, witness or counsel shall make any permanent copies of confidential documents or information contained therein, for any use in their business or personal affairs or any other litigation or case. No confidential documents, copies thereof or any information

contained therein shall be used for any purpose, other than the preparation and conduct of the trial in the above-captioned lawsuit.

6.  After the termination of this action, counsel shall collect all copies of all confidential documents covered by this Order, including copies entrusted to any associates, assistants or employees of counsel, expert witnesses, prospective expert witnesses, designated person or to any other person to whom disclosure has been made pursuant to this Order, and shall forthwith return the same to opposing counsel.

7.  Nothing herein shall proscribe counsel upon due notice and motion to the Court from seeking to challenge the designation of a document or information as confidential. In the event of such a challenge, the party designating the document or information as confidential shall bear the burden of establishing the propriety of that designation. The challenging party shall continue to treat the document or information at issue as though it were confidential under this order while the Court is deciding the issue.

8.  Nothing herein shall be construed as a waiver of any attorney-client privilege claimed or asserted by either party with respect to any document covered by this Order.

9.  The inadvertent production of any document or information during this litigation shall be without prejudice to any claim that such document or information is privileged under the attorney-client privilege or other privilege, or protected from discovery as work product. No party or entity shall be held to have waived any rights by such inadvertent production so long as the recipient party is notified within thirty (30) days of the discovery of such inadvertent production. Upon written request by the inadvertent producing party, the recipient shall immediately return all copies of the document and not use the

information for any purpose until further order from the Court (even if the recipient party disagrees that the document is privileged).

Done this 29th day of October, 2007.

                                              /s/Charles S. Coody
                                      CHARLES S. COODY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE