**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **SIMPSON VENTURES, INC.,** )<br>    **Plaintiff,** )<br>v. )<br>  )<br>**MID-WEST METAL** )<br>**PRODUCTS** )<br>**COMPANY, INC.** )<br>    **Defendant.** )<br>_____ )<br>  )<br>**MID-WEST METAL** )<br>**PRODUCTS** )<br>**COMPANY, INC.,** )<br>    **Counterclaimant,** )<br>v. )<br>  )<br>**SIMPSON VENTURES, INC.,** )<br>    **Counterdefendant.** )<br>  ) | **Case No. 3:07-cv-00048 WHA-CSC** |

**MOTION OF PLAINTIFF SIMPSON VENTURES, INC.,
TO CONSOLIDATE ACTIONS**

1.   Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Plaintiff Simpson Ventures, Inc. (hereinafter "Simpson") hereby moves this Court to consolidate a related case between these same parties. That related case is <u>Simpson Ventures, Inc. v. Mid-West Metal Products Company, Inc.</u>, Civil Action No. 06-cv-00901-WKW-VPM, a very similar action brought in the Middle District of Alabama by Simpson against Defendant Midwest Metal Products (hereinafter "Midwest"). Plaintiff Simpson seeks to consolidate that related case into the present action for all purposes. Counsel for Simpson has conferred with counsel for Midwest about this motion.

**Background**

2.  The instant case (hereinafter "the 321 Case") is a design patent infringement lawsuit based on the alleged infringement by the Defendant of Plaintiff Simpson's Design Patent No. 534,321. The present litigation was filed January 16, 2007 and trial is currently scheduled to commence on November 17, 2008.

3.  Plaintiff Simpson is asking this Court to consolidate Civil Action No. 06-cv-00901-WKW-VPM, which is also a design patent infringement lawsuit based on the alleged infringement by the Defendant of Plaintiff Simpson's Design Patent No. 483,156 (hereinafter "the '156 Case"), with the present action. The '156 Case was filed on October 5, 2006 and is currently scheduled for trial on Judge Watkins' December 15, 2008 trial docket.

4.  The two cases were not originally filed as one, because Simpson's '321 Patent had not yet been issued by the United States Patent and Trademark Office as of the date of the '156 filing. Shortly thereafter, upon issuance of the '321 Patent, Plaintiff Simpson filed the '321 Case in the same Court.

5.  The '321 and the '156 Cases are *very similar* and involve two patents that protect related products within the same product lines. The '321 Case and the '156 Case are substantially based upon the same factual allegations and share legal theories. As such, both cases share commons questions of law and fact, which will be discussed *infra*.

**The Parties Have Demonstrated A Desired Willingness To Coordinate
Discovery Efforts To Save Time And Money**

6.  Because both patent infringement lawsuits at issue involve the same parties, experts, witnesses, and facts, both Parties have demonstrated a desired willingness to coordinate discovery efforts in an effort to save time and money in litigating these matters. The Parties have spent a considerable amount of time ensuring that the discovery timelines for both cases mirror

each other, such that the Parties are able to minimize travel, expenses, and time in completing the discovery process (i.e. collecting deposition testimony from the various witness and experts).

7. As evidenced by the Parties Joint Paper filed with this Court on January 4, 2008 (Document No. 31), the Parties have spent a significant amount of time discussing the benefits of consolidating both cases to further conserve Judicial resources, courtroom costs, expert witness costs, etc. It seems that both Parties are in favor of consolidating the two cases.

8. However, the Parties disagree as to <u>how</u> this Court should consolidate the two matters. Plaintiff Simpson would like to resolve these matters as quickly as possible, and therefore, asks this Court to Consolidate the '156 Case into the '321 Case to take advantage of the earlier trial date scheduled in the '321 Case. The Plaintiff is unaware of any other reason as to why either party would prefer one Court over the other.

## **Argument**

9. Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate actions pending before it if those actions involve "a common question of law or fact." That standard "is an expansive one, allowing consolidation of the broad ranges of cases brought in federal court." 8 Moore's Federal Practice § 42.10[1][a], at 42-9 (3d. ed. 2003). District courts have broad discretion to consolidate actions that satisfy this expansive standard if, under the circumstances, consolidation of the two cases will prove beneficial. <u>Id.</u> at 42-10. Consolidation has been found to be appropriate in virtually every kind of action that can be brought in federal court, including patent actions. <u>Cedars-Sinai Med. Ctr. v. Revlon, Inc.</u>, 111 F.R.D. 24, 31-34 (D. Del. 1986)(two patent infringement suits consolidated to protect patent holders' right to have single jury decide common factual questions). Consolidation is appropriate in this instance.

10. The instant actions involve a "common question of law of fact and, as such, satisfy the only requirement for consolidation under Rule 42(a). Although it is sufficient for purposes of 42(a) if the actions involve only *one* common question of law *or* fact, the two actions presently before this Court involve *numerous* common questions of law *and* fact. These common questions go to the very heart of the two actions.

11. The common questions of law and fact include, but are not limited to, the following: (a) the circumstances surrounding Midwest's decision to market and sell products falling within the scope of the '156 and '321 patents; (b) Midwest's decision to continue marketing and selling such products after being notified by Simpson that such products were infringing; (c) Midwest's costs and expenses in producing such products; (d) Midwest's distribution of said products; (e) whether such products do infringe Simpson's patents under design patent law (which is a complex and rarely litigated subset of patent law); and (f) whether Midwest's infringement of Simpson's patents was willful.

12. The Court should exercise its discretion to consolidate these actions because such consolidation will serve the interests of justice. Among other things, consolidation will produce significant savings of time and resources for the Court and for all parties involved (including third party expert witnesses). In contrast, having such similar cases proceed in a parallel fashion would generate needless duplicative effort.

13. Consolidation will achieve substantial efficiencies and savings without sacrificing fairness. Because both actions were filed so close together, and because of the stated desirability of the Parties to coordinate discovery efforts, presently the two cases are at the exact same point in the pretrial process. As a result, consolidation will not cause the trial of one action to be delayed while discovery is completed in the other action, as is sometimes the case.

**Conclusion**

14.     For the foregoing reasons, Plaintiff Simpson respectfully moves this Court to consolidate <u>Simpson Ventures, Inc. v. Mid-West Metal Products Company, Inc.</u>, Civil Action No. 06-cv-00901-WKW-VPM, into the present action for all purposes.

Respectfully submitted this 18th day of January, 2008.

	/s/ Robert T. Meadows, III_____
	Robert T. Meadows, III
	ALABAMA BAR NO. MEA012
	One of the Attorneys for Plaintiff Simpson
	Ventures, Inc.

OF COUNSEL:

CAPELL & HOWARD, P.C.
3120 B. Frederick Road (36801)
P.O. Drawer 2268
Opelika, Alabama 36803-2268
Telephone: (334) 501-1640
Facsimile: (334) 501-4512


OF COUNSEL:

Joseph W. Staley- *pro hac vice*
jstaley@gardnergroff.com
GARDNER GROFF SANTOS & GREENWALD, P.C.
2018 Power Ferry Road, Suite 800
Atlanta, Georgia 30339
Telephone: (770) 984-2300
Facsimile: (770) 984-0098

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 18th day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve a copy of the same upon the following:

Mr. Brett A. Ross, Esq.
Mr. Gregory A. Brockwell
Carr Allison
Attorneys at Law
100 Vestavia Parkway
Birmingham, Alabama 35216

Mr. James M. Hinshaw, Esq.
Bingham McHale, LP
2700 Market Tower
10 W. Market Street
Indianapolis, IN 46204-4900

                                              */s/ Robert T. Meadows, III*_____
                                              OF COUNSEL