**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
<u>EASTERN DIVISION</u>**

| | |
|---|---|
| SIMPSON VENTURES, INC., )<br>       Plaintiff, )<br>v. )<br>    )<br>MID-WEST METAL )<br>PRODUCTS )<br>COMPANY, INC. )<br>       Defendant. )<br>_____)<br>    )<br>MID-WEST METAL )<br>PRODUCTS )<br>COMPANY, INC., )<br>       Counterclaimant, )<br>v. )<br>    )<br>SIMPSON VENTURES, INC., )<br>       Counterdefendant. )<br>_____) | Case No. 3:07-cv-00048 WHA-CSC |

**MID-WEST METAL'S PARTIAL OBJECTION TO SIMPSON VENTURES'
<u>MOTION TO CONSOLIDATE ACTIONS</u>**

      Defendant and Counterclaimant Mid-West Metal Products Company, Inc. ("Mid-West Metal"), by counsel, objects in part to the January 18, 2008 Motion of Plaintiff Simpson Ventures, Inc., to Consolidate Actions ("Motion to Consolidate"). Specifically, Mid-West Metal proposes that the normal practice of consolidating the second-filed and less significant case (the present action) <u>into</u> the first-filed and more significant case (Case No. 3:06-cv-901-WKW, pending before the Honorable Judge Watkins) should be followed, and that the two cases should be consolidated for all pre-trial purposes only, but not for trial.  Mid-West Metal states the following in support:

1. The present action is the second-filed action, not the first-filed action. On October 5, 2006, Plaintiff Simpson Ventures, Inc. ("Simpson Ventures") filed and served a different lawsuit against Mid-West Metal in the United States District Court for the Middle District of Alabama. That first-filed lawsuit is pending before the Honorable Judge Watkins (Case No. 3:06CV-901-WKW). Although that lawsuit presents claims of patent infringement, it is related to a different patent – specifically, Design Patent No. 483,156 ("the '156 design patent," "the '156 Case"). Instead of moving for leave to amend the complaint in that first-filed '156 Case, Simpson Ventures instead filed its complaint against Mid-West Metal in the present action on January 16, 2007. In this later-filed lawsuit, Simpson Ventures alleges that Mid-West violated a different patent – Design Patent No. 534,321 ("the '321 design patent," "the '321 Case"). However, Simpson Ventures mysteriously waited over 4 months before it actually served Mid-West Metal with the '321 Case complaint, on May 21, 2007.

2. The first-filed `156 Case is the more significant case in terms of the potential exposure that is alleged. Specifically, Simpson Ventures alleges in that first-filed case that Mid-West sells four different products (its Bay Isle Models 1824, 1830, 1836, and 1842) that infringe its '156 design patent. The accused products are different sized metal dog cages that are covered with a wicker-like material. The volume of revenues generated by Mid-West Metal's sales of the accused products in the `156 Case is significant – the volume exceeds Two Million Dollars (when last calculated, in September 2007).

In the present later-filed '321 Case, there is only one accused product, Bay Isle Model 1805 – a box-like cover that sits over a cat liter box and that is covered with wicker-like material. The volume of revenues generated by Mid-West Metal's sales of this singular accused product is substantially less when compared to the '156 Case – amounting to just over 10% of the sales of the accused products in the `156 Case (when last calculated, in September 2007).

There is thus much more at stake for both Mid-West Metal and Simpson Ventures in the first-filed '156 Case than in the present later-filed '321 Case.

3.  As Simpson Ventures correctly states in its Motion to Consolidate, Mid-West Metal agrees that the '156 Case and the '321 Case should be consolidated pursuant to Federal Rule of Civil Procedure 42(a). However, the parties disagree as to how the cases should be consolidated. Specifically, Mid-West Metal respectfully submits that (a) the two cases should be consolidated for all pre-trial purposes, but not for trial, and (b) the second-filed and less significant `321 Case should be consolidated into the first-filed and more significant `156 Case for those pretrial proceedings.

4.  First, Mid-West Metal respectfully submits that the two cases should be consolidated for all pre-trial purposes, but not for trial. Mid-West Metal agrees with Simpson Ventures that both cases involve common questions of law and *some* common questions of fact. However, Mid-West Metal does not agree with Simpson Ventures' statement that they are both "substantially based upon the same factual allegations." Simpson Ventures' Motion to Consolidate, paragraph 5. The product designs are substantially different.



'156 Patent





'321 Patent

4



BayIsle 1830



BayIsle 1805

Accordingly, a common trial before the same jury on these two different design patents and on these two different sets of accused products presents a substantial risk of

confusion.  Obviously, Simpson Ventures agreed when it initially choose to file these as separate actions and/or to not seek leave to amend the first-filed action to add the '321 patent infringement allegations to the first-filed lawsuit.  Moreover, a combined trial will likely need to be scheduled for a much longer period of time than that presently estimated by either of the parties.

     5.    Second, Mid-West Metal respectfully submits that the normal practice for consolidation should be followed here – the second-filed action should be consolidated into the first-filed action.  Although Federal Rule of Civil Procedure 42(a) provides the standard for consolidating cases ("actions involving a common question of law or fact"), that rule does not specify which case is to be consolidated into which.  A review of case law on consolidation procedures by the undersigned counsel revealed no decisional authority on this question.

Instead, the only legal authority which addresses the issue of how cases should be consolidated appears to be the local rules of various United States District Courts.  While the Alabama District Courts do not have an express local rule written to address this point, the undersigned is advised by co-counsel at the law firm of Carr Allison that the Alabama District Courts typically follow the practice of consolidating the second-filed action into the first-filed action (unless the second-filed action is somehow more significant than the first-filed action; which, as explained above, is not the case here).  This practice is consistent with the undersigned counsel's own experiences (and Indiana District Court local rules).  A review of the written local rules for other District Courts

demonstrates that this practice seems to be universal. For instance, within the Eleventh Circuit, Local Rule 1.04(b) of the Middle District of Florida provides:

> **TRANSFER OF RELATED CASES BEFORE TWO OR MORE JUDGES**. If cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to transfer any related case *to the judge assigned to the first-filed among the related cases*. The moving party shall file a notice of filing the motion to transfer, including a copy of the motion to transfer, in each related case. The proposed transferor judge shall dispose of the motion to transfer but shall grant the motion only with the consent of the transferee judge. If the transferee judge determines that the same magistrate judge should preside in some or all respects in some or all of the related cases, *the Clerk shall assign the magistrate judge assigned to the first-filed among the affected cases to preside in that respect in those cases*.

(Emphasis added). Outside the Eleventh Circuit, the Uniform Local Rules for the Northern District of Mississippi and the Southern District of Mississippi contain a similar requirement. The Local Rule 42.1 there provides:

> **Rule 42.1 CONSOLIDATION OF ACTIONS.** In civil actions consolidated pursuant to FED.R.CIV.P. 42(A), *the action bearing the lower or lowest docket number* will control the designation of the district or magistrate judge before whom the motion to consolidate is noticed; the docket number will also determine the judge before whom the case or cases will be tried. Consolidation of actions from different divisions of a district court shall be controlled by the earliest filing date. A dismissal of the action bearing the lower or lowest number prior to the hearing on a motion to consolidate shall not affect the operation of this rule. *The judge initially assigned the lower or lowest numbered action, even if that action has been dismissed, shall be the judge before whom the action(s) will be tried.*

(Emphasis added). The Local Rules of the Eastern District of Texas contain a similar provision; Local Rule CV-42 thereof provides:

> **Consolidation of Actions.**
> …
> (c) **Consolidation - Multiple Judges Involved.** When actions that may be consolidated under (b) above have been filed with two or more judges, *the*

7

> *actions, upon consolidation, shall be assigned to the judge who was assigned the initial action or actions.* The judge assigned the initial action or actions has the prerogative of declining the transfer and assignment of the additional action or actions.

(Emphasis added). Local Rule 40.5 of the District of the District of Columbia provides in pertinent part:

> **(c) ASSIGNMENT OF RELATED CASES.**
> Related cases noted at or after the time of filing shall be assigned in the following manner:
>
> (1) Where the existence of a related case in this court is noted at the time the indictment is returned or the complaint is filed, the Clerk shall assign the new case to the judge to whom the oldest related case is assigned…
>
> (2) Where the existence of related cases in this court is revealed after the cases are assigned, the judge having the later-numbered case may transfer that case to the Calendar Committee for reassignment to the judge having the earlier case. If the Calendar Committee finds that good cause exists for the transfer, it shall assign the case to the judge having the earlier case…
>
> **(d) MOTIONS TO CONSOLIDATE.**
> Motions to consolidate cases assigned to different judges of this court shall be heard and determined by the judge to whom the earlier-numbered case is assigned. If the motion is granted, the later-numbered case shall be reassigned in accordance with section (c) of this Rule.

Similarly, Local Rule 42.2 of the United States District Court for the Southern District of Indiana states:

> A motion to consolidate two or more civil cases pending upon the docket of the Court shall be filed in the case bearing the earliest docket number. That motion shall be ruled upon by the Judge to whom that case is assigned. In each case to which the consolidation motion applies, a copy of the moving papers shall be served upon all parties and a notice of consolidation motion shall be filed.

In sum, the unwritten practice that the Alabama District Court follows is consistent with the local rules and practices of the United States' District Courts cited

8

above.  Specifically, when consolidation is appropriate, the later-filed case should be consolidated into the first-filed case.

Simpson Ventures' proposal turns this practice on its head, for no good reason and despite the fact that the first-filed action here has been actively litigated for a substantially longer period of time[1] and is of substantially greater impact regarding the damages amounts that are alleged.  The only explanation that Simpson Ventures offers for this break from the normal practice is that it wants to resolve these matters as quickly as possible.  However, that point carries no weight.  No quicker resolution is to be gained there.  The parties have already agreed to a pre-trial schedule that is essentially identical.  As for the trial dates, the present `321 Case is set for trial on November 17, 2008.  The first-filed `156 Case is set for trial only a mere one month later – on December 15, 2008.  No quicker resolution of any significance is to be gained there, either.  Moreover, the December 2008 trial date was just recently set pursuant to a conference call with the Honorable Judge Watkins wherein counsel for both parties agreed to a continuance (and an adjustment of the pre-trial schedule), which was in turn premised substantially on the fact that the Federal Circuit recently undertook to review *en banc* the Egyptian Goddess, Inc. v. Swisa Inc., et al. 2007 U.S. App. LEXIS 27456 decision – which both parties'

---

[1] Indeed, a review of the docket in the '156 Case demonstrates that the parties have presented numerous arguments in the first-filed `156 Case to the Court, both in written motions and briefing, and in numerous spoken conferences.  Perhaps it was the Court's written determination there that Simpson Ventures' objections to certain discovery matters were "disingenuous" that has caused Simpson Ventures to ask the Court here to move the `156 Case into the present `321 Case. (See Order dated August 9, 2007, Docket #34.)

9

counsel further agreed may significantly change design patent infringement law, as was explained in some detail to the Honorable Judge Watkins during the conference call and which caused him to adjust the schedule and trial date.

6. In conclusion, Mid-West Metal proposes that (a) the two actions should be consolidated for purposes of pre-trial proceedings only, but not for trial, and (b) the second-filed action (the present `321 Case) should be consolidated into the first-filed action (the `156 Case).

WHEREFORE, Defendant Mid-West Metal Products, Inc. objects to Plaintiff Simpson Ventures, Inc.'s January 18, 2008 Motion of Plaintiff Simpson Ventures, Inc., to Consolidate Actions, and prays that the Court deny the same, as proposed by Simpson Ventures, Inc.  Mid-West Metal further submits that this Court should instead consolidate the two actions for all pre-trial purposes only (but not for trial), and consolidate such pre-trial proceedings into the first-filed and more significant `156 Case pending before the Honorable Judge Watkins.

Respectfully submitted,

 /s/ Neal Bowling
Neal Bowling- pro hac vice,
    Indiana Attorney No. 19278-41
James M. Hinshaw-pro hac vice
    Indiana Attorney No. 16744-49
Counsel for the Defendants
Bingham McHale, LLP
2700 Market Tower
10 W. Market Street
Indianapolis, Indiana 46204-4900
Telephone: (317) 635-8900
Email: NBowling@binghammchale.com
        JHinshaw@binghammchale.com

11

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 25th day of January, 2008:

Robert T. Meadows, III  
Capell & Howard, P.C.  
3120 Frederick Road  
P. O. Drawer 2268  
Opelika, Alabama 36803  

Arthur A. Gardner  
Joseph W. Staley  
Bradley K. Groff  
Gardner, Groff, Santos & Greenwald, P.C.  
2018 Powers Ferry Road, Suite 800  
Atlanta, Georgia 30339  

                                            /s/ Neal Bowling  
                                            Neal Bowling-  
                                            Counsel for the Defendants  
                                            Bingham McHale, LLP  
                                            2700 Market Tower  
                                            10 W. Market Street  
                                            Indianapolis, Indiana 46204-4900  
                                            Telephone: (317) 635-8900  

1225912 / 11128.66351